UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARISA CHEBAN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:17-cv-2671-KJN<br><br><br>ORDER |

Plaintiff Larisa Cheban seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment. (ECF Nos. 12, 20.) Thereafter, plaintiff filed a reply brief. (ECF No. 25.)

After carefully considering the record and the parties' briefing, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the Commissioner's final decision.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and all parties consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7, 13.)

1

I.     BACKGROUND

Plaintiff was born on March 12, 1960; has a bachelor's degree in economics from the Ukraine; and previously worked as a home attendant and caseworker.[2] (Administrative Transcript ("AT") 42-43, 60, 171, 194.) On June 16, 2014, plaintiff applied for DIB, alleging that her disability began on March 14, 2010. (AT 17, 80, 171.) After plaintiff's application was denied initially and on reconsideration, an ALJ conducted a hearing on August 9, 2016. (AT 34-66.) The ALJ subsequently issued a decision dated October 19, 2016, determining that plaintiff had not been under a disability as defined in the Act, from March 14, 2010, plaintiff's alleged disability onset date, through December 31, 2015, plaintiff's date last insured. (AT 17-28.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 19, 2017. (AT 1–6.) Plaintiff subsequently filed this action on December 21, 2017, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II.    ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ improperly found plaintiff's mental impairment not severe at step two of the sequential disability analysis; (2) whether the ALJ erroneously discounted the opinion of plaintiff's treating physician; and (3) whether the ALJ improperly discounted the statement of plaintiff's husband.

III.   LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

    A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB pursuant to the Commissioner's standard five-step analytical framework.[3] As an initial matter, the ALJ found that plaintiff last met the insured status requirements for DIB on December 31, 2015. (AT 19.) At step one, the ALJ

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

3

concluded that plaintiff had not engaged in substantial gainful activity from March 14, 2010, the alleged onset date, through December 31, 2015, the date last insured. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments through the date last insured: lumbar degenerative disc disease, arthropathies, and a history of an impingement syndrome of the shoulder. (Id.) However, at step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 through the date last insured. (AT 23.)

Before proceeding to step four, the ALJ assessed plaintiff's RFC as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasionally climb ramps or stairs; occasionally balance, stoop, kneel, crouch, or crawl; could not climb ladders, ropes, or scaffolds; could frequently use the left upper extremity for overhead reaching; and could frequently use the dominant right upper extremity for handling and fingering.

(AT 23.) At step four, the ALJ determined, based on a vocational expert's testimony, that plaintiff was capable of performing past relevant work as a caseworker as generally performed. (AT 27.) Thus, the ALJ concluded that plaintiff had not been disabled from March 14, 2010, her alleged disability onset date, through December 31, 2015, her date last insured. (AT 28.)

B.  Plaintiff's Substantive Challenges to the Commissioner's Determinations

*Whether the ALJ improperly found plaintiff's mental impairment not severe at step two of the sequential disability analysis*

In this case, after thoroughly discussing the mental health record evidence, the ALJ concluded at step two that plaintiff's depression caused no more than mild functional limitations and was therefore a non-severe impairment. (AT 20-23.) Plaintiff argues that the ALJ erred, because a consultative examining psychologist, Dr. Paul Martin, assessed moderate mental limitations with respect to attendance, performing work activities on a consistent basis, and dealing with work stress. (AT 360.) While colorable, that argument is unpersuasive on this record and under the appropriate standard of review.

4

As discussed in greater detail below with respect to the physical opinion evidence, an ALJ is required to provide specific and legitimate reasons to discount the opinion of an examining provider. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In this case, the ALJ reasonably observed that Dr. Martin's assessment was inconsistent with the record, which indicated a lack of consistently documented mental health symptoms and treatment, suggesting that plaintiff's mental symptoms were non-severe. (AT 20, 22-23.) Indeed, plaintiff's treatment records contain only minimal references to depression, and plaintiff informed Dr. Martin that she had never utilized mental health services for her depression. (AT 357.) Moreover, although Dr. Martin noted that plaintiff had a somewhat slow processing speed and mild cognitive impairment during the evaluation, he attributed it in large part to plaintiff's pain related to her physical impairments, noting that she had not taken her medications prior to the evaluation. (AT 359-60.) Finally, the ALJ also rationally relied on the opinion of state agency psychologist, Dr. Preston Davis, who reviewed plaintiff's records and found no severe mental impairment, consistent with the minimal mental health symptoms and treatment documented in the treatment records. (AT 22, 89.) See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Accordingly, the ALJ's analysis at step two was supported by the record and by the proper analysis, even if a different ALJ may have weighed the evidence differently.

*Whether the ALJ erroneously discounted the opinion of plaintiff's treating physician*

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. Holohan, 246 F.3d at 1202.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) there are contradictory opinions in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 830–31. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund, 253 F.3d at 1157,[4] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, by itself, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Here, plaintiff's treating physician, Dr. Augusto Sychukok, completed a two-page "Medical Source Statement – Physical" on May 10, 2016, indicating *inter alia* that plaintiff could only lift 5-6 pounds, stand and walk for less than 2 hours a day, and sit for less than 6 hours a day. (AT 370-71, 373-74.) Because Dr. Sychukok's opinion was contradicted by other opinions in the record, the ALJ was required to provide specific and legitimate reasons to discount Dr. Sychukok's opinion. As discussed below, the ALJ properly discharged that obligation.

As an initial matter, Dr. Sychukok's opinion is entirely conclusory and unsupported by any specific clinical findings, and was issued almost five months after plaintiff's date last insured. (AT 26-27.) As such, the ALJ was entitled to give it little weight.

---

[4] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; and (6) specialization. 20 C.F.R. § 404.1527.

6

Additionally, the ALJ reasonably relied on the opinion of consultative examining physician, Dr. Jonathan Schwartz, who reviewed plaintiff's treatment notes/imaging studies; personally examined plaintiff on August 15, 2014; and prepared a detailed report with supporting clinical findings. (AT 335-39.) Dr. Schwartz opined that plaintiff could stand and walk up to six hours; had no sitting limitations; could lift and carry 20 pounds occasionally and 10 pounds frequently, secondary to decreased right grip and left lower extremity strength; could frequently stoop and crouch; and frequently reach, handle, and finger. (AT 338-39.) Because Dr. Schwartz personally examined plaintiff and made independent clinical findings, his opinion constitutes substantial evidence on which the ALJ was entitled to rely.

Finally, the ALJ also legitimately relied on the opinions of the state agency physicians, who opined, consistent with Dr. Schwartz's opinion, that plaintiff could essentially perform light work with additional postural limitations. (AT 26, 90-93.) See Tonapetyan, 242 F.3d at 1149 ("Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.").

Consequently, the court finds no error in the evaluation of Dr. Sychukok's opinion.

*Whether the ALJ improperly discounted the statement of plaintiff's husband*

"[C]ompetent lay witness testimony cannot be disregarded without comment" and "in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." Molina v. Astrue, 674 F.3d 1104, 1114 (9th Cir. 2012). In this case, the ALJ specifically discussed plaintiff's husband's statement, but noted that it was contradicted by the medical evidence, as appropriately weighed by the ALJ. Furthermore, the ALJ observed that plaintiff's husband's statement essentially echoed plaintiff's own testimony, which the ALJ discounted based on specific, clear, and convincing reasons equally germane to the third-party testimony. Id. at 1115-22. Indeed, plaintiff has not challenged the ALJ's evaluation of plaintiff's own credibility on appeal. As such, the court finds that the ALJ provided germane reasons to

discount the statement of plaintiff's husband.

V. <u>CONCLUSION</u>

In sum, the Commissioner's final decision is free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is GRANTED.
3. The Commissioner's final decision is AFFIRMED and judgment is entered for the Commissioner.
4. The Clerk of Court shall close this case.

Dated: December 13, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE